## Case No. 7,447.

### In re JONES.

[2 N. B. R. 59 (Quarto, 20).][1]

District Court, D. Virginia. 1868.

Upon these several questions the register expressed the following opinion:

The register is not compelled to express an opinion nor to certify any question that by legal construction cannot by possibility arise, up to the present stage in the proceedings: he is therefore of the opinion, that all other disputed questions in this matter should be discarded, and the four foregoing questions alone certified for the opinion of the court. Rights of creditors arise and accrue after admitted proof of claim in all bankruptcy proceedings. The right of any creditor, after his claim has been duly proven and admitted, to ask that the petitioner be compelled to amend any defect in his petition or either schedule thereunder, seems most reasonable and is clearly just and equitable, and the register is further of the opinion, that it is his duty, either upon motion or otherwise, when he is satisfied that the petition or schedules thereunder are defective, to certify the fact; and that an order of the court should afterwards be made thereon compelling the petitioner to meet the requirements of the law—otherwise the

---

1 [Reprinted by permission.]

register will be compelled to certify that which he knows not to be in conformity with the act, before a petitioning debtor will be able to obtain his discharge. General Orders 5, 7, 33. Schedule A 4, is defective and should be amended. Schedule B discloses the fact that McClish, Rives & Co., have a lien for twelve thousand dollars on five hundred and thirty-nine acres of land listed, and they should have been put in Schedule A, with the list of other creditors holding securities, and more clearly entitled to notice. Second. The notice is defective in that it does not specify all the names and the several amounts admitted to each creditor, to which each creditor respectively is entitled to notice, for obvious reasons, the form for which will be seen by reference to general 'orders, and with which this does not correspond. Third. The claim of Ayres, Son & Co., is in the usual form of affidavit made by a member of the firm, but is founded upon a large open account between the parties, and evidently of a questionable character, being in dispute between the litigants (contested and denied, and now in suit,) as appears from the evidence. By section 23 of the act, such claims as are of a questionable or doubted character may be postponed until after an assignee is appointed, to be investigated by him. The claim therefore is postponed, but not rejected, and the firm, as a creditor, denied a vote at this meeting. Fourth. The right of creditors to choose one or more assignees at the first meeting cannot be disputed or denied under the expressed provisions of section thirteen of the act, and under section forty-three provision is made for a change from bankruptcy to arrangement. Two. modes are thus given creditors, by either of which they may choose to wind up and settle the estate of the bankrupt; the usual manner being through the intervention of an assignee, and the other by the aid of trustees acting under advisement of a committee, preparatory to a final distribution of the bankrupt's effects among his creditors. It is further provided, that even after an assignee has been duly appointed, at a subsequent meeting of creditors, they may elect to arrange by trust deed, have the assignee removed, and in his stead trustees substituted and appointed. Were it not for express provision made in section forty-three, that at the first meeting of creditors, the right to this last mentioned mode is given, the general rule that a greater cannot follow a lesser right would apply. But the right to choose between an assignee and an arrangement by trust deed, is clearly given to the creditors on the first meeting, and being clearly indicated and expressed in form, after the manner of the act, and in this matter fully determined, the register shall so certify.

Whereupon the contestants withdrew their claims and afterwards THE COURT made an order that the petitioner so amend his schedules as shall be in conformity with the act as above specified, and furnish the clerk of the court with a copy of the same, until which time the proceedings in said matter remain suspended.